UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN DRAWHORNE,

                                              **Plaintiff,**

    v.                                                                             6:23-cv-1278

M. ALOISE et al.,

                                              **Defendants.**
_____

**DAVID N. HURD**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

The Clerk sent Plaintiff Kevin Drawhorne's *pro se* Complaint brought pursuant to 42 U.S.C. § 1983 (Dkt. No. 1) to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for initial review. *See* November 27, 2023 Order and Report-Recommendation (Dkt. No. 5). Plaintiff also moved to proceed *in forma pauperis*. (Dkt. No. 2). Judge Dancks granted Plaintiff's *in forma pauperis* application and then analyzed the claims in the Complaint. (Dkt. No. 5).

Plaintiff names as defendants M. Aloise, Melinda Katz, Commissioner Davis, and The People of the State of New York. (Dkt. No. 1). Judge Dancks took judicial notice that Melinda Katz is the District Attorney of Queens County, and M. Aloise is a judge in the New York Supreme Court 11th Judicial District in Queens County, New York. (Dkt. No. 5, at 2). Judge Dancks also construed the claims against The People of the State of New York as claims against the Queens County District Attorney's Office, (Dkt. No. 5,

at 5), and noted that Plaintiff "lists Commissioner Davis as a defendant in the caption of his complaint but fails to assert any allegations against him or her." (Dkt. No. 5, at 6).

In examining the Complaint, Judge Dancks explained:

> Plaintiff has filed a threadbare complaint devoid of details. Plaintiff claims on January 5, 2023, Judge Aloise "violated" his rights "throughout the court proceedings." (Dkt. No. 1 at 4.) He further alleges he was deprived "from [h]aving good counsel and being full[y] able to cross-examine [his] defendant(s)." *Id.* Moreover, he "was never able to see [his] discovery nor attend [his] grand Jury." *Id.* Plaintiff claims he was "fully coerced" into taking a plea and never given a chance to create "a good defense." *Id.* According to Plaintiff, his attorney was "aware of all violations and still never objected to it." *Id.* Finally, DA Katz "acted out of color by stating wrongful facts of the case." *Id.* On February 23, 2023, Plaintiff's motions for a hardship hearing and to defer surcharges were denied. *Id.*
>
> Plaintiff's first claim states on April 4, 2022, DA Katz violated his Fourteenth, Eighth, and Second Amendment rights by "not allowing" Plaintiff to testify at the Grand Jury, speak freely in court, and "not able to make a defense." *Id.* at 5.
>
> Plaintiff's second claim states Judge Aloise would not allow Plaintiff to obtain new counsel. *Id.* He then states he was coerced into making a plea, but it is unclear if he is alleging Judge Aloise, DA Katz, or both coerced him into doing so. *Id.*
>
> Plaintiff's third claim states The People of the State of New York violated Plaintiff's rights by "not allowing [him] to be [] able to build a defense in his case" that he could "fight." *Id.* Finally, Plaintiff requests $15 million for violations of his constitutional rights, including "due process," "unlawfully imprisonment," "duress," mental anguish, and pain and suffering. *Id.*

(Dkt. No. 5, at 2-3).

After a thorough analysis, Judge Dancks recommended that Plaintiff's claims against Commissioner Davis be dismissed without prejudice, and Plaintiff's claims against The People of the State of New York, DA Katz, and Judge Aloise be dismissed with prejudice. *See generally id.* Plaintiff filed no objections to Judge Dancks's recommendations, and the time to do so has expired.

## II. DISCUSSION

After examining the record, the Court has determined that Judge Dancks's recommendations are not subject to attack for plain error or manifest injustice. Thus, the Court will accept and adopt the recommendations in the Order and Report-Recommendation for the reasons stated therein.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 5) is ACCEPTED;

2. Plaintiff's claims against Commissioner Davis are **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's claims against The People of the State of New York, DA Katz, and Judge Aloise are **DISMISSED WITH PREJUDICE**;

4. If Plaintiff intends to file an amended complaint asserting claims against Commissioner Davis, he must do so within thirty (30) days of the date of this order;

5. If Plaintiff does so, the amended complaint should be presented to Judge Dancks for initial review;

6. If Plaintiff fails to file an amended complaint within this period of time, the Clerk is respectfully instructed to close the file in this action without further order.

**IT IS SO ORDERED.**

Dated: February 8, 2024
         Utica, New York.

David N. Hurd
U.S. District Judge